TERRENCE J. EDWARDS (Utah State Bar No. 09166)
BRETTON L. CROCKETT (Utah State Bar No. 08573)

**TECHLAW VENTURES, PLLC**
3290 West Mayflower Ave.
Lehi, Utah 84043
Telephone: (801) 854-7675
Facsimile: (801) 852-8203

Attorneys for Plaintiff Aqua Yield Operations, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AQUA YIELD OPERATIONS, INC., a Delaware Corporation, and AQUA-YIELD OPERATIONS, LLC, a Utah Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>KAP ORGANIC AGRO, LLC, a California Limited Liability Company,<br><br>Defendant. | COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §§ 1114, 1125), AND RELATED STATE LAW CLAIMS<br>**(Jury Trial Demanded)** |

Plaintiffs **AQUA YIELD OPERATIONS, INC. and AQUA-YIELD OPERATIONS, LLC** by and through its counsel, TechLaw Ventures, PLLC, and hereby files this Complaint and makes the following allegations of trademark infringement, unfair competition, and false designation of origin under 15 U.S.C. §§ 1114 and 1125 against Defendant **KAP ORGANIC AGRO, LLC** (hereinafter referred to as "Defendant" or "KAP Organic") as follows.

1

## NATURE OF THE ACTION

1. This is an action for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114, for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition under the statutory and common laws of the State of Utah, all arising from the Defendant's unauthorized use of NANO UREA SUPER LIQUID, NANO DAP LIQUID, NANO NPK LIQUID, NANO K PULVERIZED, NANO COPPER LIQUID, and/or NANO ZINC LIQUID trademarks in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale and/or sale of Defendant's fertilizer products.

2. Plaintiffs seeks injunctive relief, damages, treble damages, attorneys' fees, and such other relief as this Court deems just and proper.

## PARTIES

3. Plaintiff, Aqua Yield Operations, Inc., is a Delaware corporation having a principal place of business at Sandy, Utah.

4. Plaintiff, Aqua-Yield Operations, LLC, is a Utah limited liability company having a principal place of business at Sandy, Utah; and is a wholly owned subsidiary of Aqua Yield Operations, Inc.

5. Plaintiff Aqua Yield Operations, Inc. and Plaintiff Aqua Yield Operations, LLC are related companies and collectively do business as a single source under the name Aqua Yield (hereinafter referred to as "Plaintiff" or "Aqua Yield").

6. Upon information and belief, Defendant, KAP Organic Agro, LLC, is a California limited liability company having a principal place of business at Milpitas, California.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this claim pursuant to the Lanham Act, 15 U.S.C. §1051 *et seq*.

8. This Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121.

9. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

10. Defendant is subject to both specific and general personal jurisdiction in the State of Utah (this "State"), consistent with the principles of due process and the Utah Long Arm Statute, because Defendant has committed acts within the State of Utah and this District giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant has (i) availed itself of the rights and benefits of the laws of the State of Utah, (ii) transacted, conducted, and/or solicited business and engaged in a persistent course of conduct in the State of Utah and in this District, (iii) derived substantial revenue from the sales and/or use of products, such as the products sold under the NANO UREA SUPER LIQUID, NANO DAP LIQUID, NANO NPK LIQUID, NANO K PULVERIZED, NANO COPPER LIQUID, and/or NANO ZINC LIQUID trademarks as accused herein, in the State of Utah and in this District, (iv) purposefully directed activities, directly and/or through intermediaries, such as shipping, distributing, offering for sale, selling, and/or advertising the products sold under NANO UREA SUPER LIQUID, NANO DAP LIQUID, NANO NPK LIQUID, NANO K PULVERIZED, NANO COPPER LIQUID, and/or NANO ZINC LIQUID trademarks, at residents of the State of

Utah and residents of this District, (v) delivered products sold under the NANO UREA SUPER LIQUID, NANO DAP LIQUID, NANO NPK LIQUID, NANO K PULVERIZED, NANO COPPER LIQUID, and/or NANO ZINC LIQUID trademarks into the stream of commerce with the expectation that the accused products will be used and/or purchased by consumers in the State of Utah and in this District, and (vi) committed acts of trademark infringement in the State of Utah and in this District.

11. Venue is proper in this district under 28 U.S.C. § 1391, pursuant to the Lanham Act, and because the defendant resides in this judicial district; and/or the actions alleged herein occurred within this judicial district.

## GENERAL ALLEGATIONS

12. Plaintiff is the owner of a family of trademarks, including but not limited to those U.S. Trademark Registrations identified below in Paragraph 13, all of which incorporate the common element "NANO" (collectively, the "Family of Marks").

13. Plaintiff has, for many years, used a series of trademarks incorporating the element "NANO" in connection with its goods/services, including:

   a. U.S. Trademark Registration No. 5,752,144 for the NANOPRO trademark registered on May 14, 2019;

   b. U.S. Trademark Registration No. 5,752,145 for the NANOGRO trademark registered on May 14, 2019;

   c. U.S. Trademark Registration No. 5,752,147 for the NANOPHOS trademark registered on May 14, 2019;

4

d. U.S. Trademark Registration No. 5,763,813 for the NANOSHIELD trademark registered on May 28, 2019;

e. U.S. Trademark Registration No. 5,763,814 for the NANOSHIELD trademark registered on May 28, 2019;

f. U.S. Trademark Registration No. 5,897,879 for the NANORISE trademark registered on October 29, 2019;

g. U.S. Trademark Registration No. 5,897,880 for the NANOSTRESS trademark registered on October 29, 2019;

h. U.S. Trademark Registration No. 5,897,881 for the NANOK trademark registered on October 29, 2019;

i. U.S. Trademark Registration No. 5,926,802 for the NANOSHIELD trademark registered on December 3, 2019;

j. U.S. Trademark Registration No. 6,420,070 for the NANOGRONOMY trademark registered on July 13, 2021;

k. U.S. Trademark Registration No. 6,464,898 for the NANOCALSI trademark registered on August 24, 2021;

l. U.S. Trademark Registration No. 6,809,157 for the NANOZN trademark registered on August 2, 2022;

m. U.S. Trademark Registration No. 6,866,930 for the NANOCALSI trademark registered on October 4, 2022;

n. U.S. Trademark Registration No. 6,890,039 for the NANON+ trademark registered on November 1, 2022;

o. U.S. Trademark Registration No. 6,890,040 for the NANOCS trademark registered on November 1, 2022;

p. U.S. Trademark Registration No. 7,503,752 for the NANOFUSE trademark registered on September 10, 2024;

q. U.S. Trademark Registration No. 7,503,753 for the NANOFUSE trademark registered on September 10, 2024;

r. U.S. Trademark Registration No. 7,524,492 for the NANOYIELD trademark registered on October 1, 2024;

s. U.S. Trademark Registration No. 7,524,493 for the NANOYIELD trademark registered on October 1, 2024;

t. U.S. Trademark Registration No. 7,538,682 for the NANONITRO trademark registered on October 15, 2024;

u. U.S. Trademark Registration No. 7,538,685 for the NANO-YIELD trademark registered on October 15, 2024;

v. U.S. Trademark Registration No. 7,538,686 for the NANO-YIELD trademark registered on October 15, 2024;

w. U.S. Trademark Registration No. 7,538,687 for the NANO-YIELD trademark registered on October 15, 2024;

x. U.S. Trademark Registration No. 7,538,688 for the NANO-YIELD trademark registered on October 15, 2024;

y. U.S. Trademark Registration No. 7,645,595 for the NANOCHARGE trademark registered on January 7, 2025; and

      z. U.S. Trademark Registration No. 7,645,596 for the NANOCHARGE trademark registered on January 7, 2025.

      aa. A copy of each of Plaintiff's United States Trademark Registrations is attached as Exhibit A.

14. Aqua Yield is also the owner of several pending United States Trademark Applications containing the root element "NANO" (hereinafter collectively referred to with the United States Trademark Registrations outlined in Paragraph 13 as "Aqua Yield's NANO Formative Marks").

15. Aqua Yield's NANO Formative Marks are coined terms created by joining the common distinctive root NANO with other lettering or wording.

16. These marks share a recognizable "family resemblance" and are promoted and recognized together, forming a strong family of marks.

17. Aqua Yield's NANO Formative Marks are used in connection with a variety of fertilizer and fertilizer related products and services, as well as fungicides, herbicides, insecticides, and pesticides (hereinafter referred to as "Aqua Yield's fertilizer and fertilizer related products and services").

18. Aqua Yield's fertilizer and fertilizer related products and services are sold within the agricultural industry.

19. Aqua Yield was an early innovator in the agricultural industry and, through its innovative technology, began using the NANO Formative Marks to uniquely associate the term "NANO" with its products, establishing strong brand recognition in the marketplace.

20. Aqua Yield has been using at least one of the Aqua Yield's NANO Formative Marks in United States commerce on or in connection with one or more of Aqua Yield's fertilizer and fertilizer related products and services since at least as early as May 31, 2016.

21. Aqua Yield has expended significant financial resources marketing, advertising and otherwise promoting Aqua Yield's NANO Formative Marks over the years, which are federally registered.

22. As a result of long-standing use, extensive promotion, and substantial sales, Plaintiff's Family of Marks has become well-known and distinctive, and represents valuable goodwill.

23. Aqua Yield's NANO Formative Marks have gained notoriety in the marketplace, such that there is a significant amount of goodwill associated with Aqua Yield's NANO Formative Marks that belongs exclusively to Aqua Yield.

24. Aqua Yield's creative achievements have resulted in federal registrations being granted for Aqua Yield's NANO Formative Marks. Nevertheless, Aqua Yield's intellectual property is the subject of emulation by its competitors, who have attempted to capitalize on Aqua Yield's success and goodwill by imitating Aqua Yield's NANO Formative Marks.

25. One such imitator is Defendant, who is unlawfully using Aqua Yield's NANO Formative Marks in violation of Aqua Yield's federally registered trademark rights.

26. Defendant sells fertilizer and/or fertilizer related products under the NANO UREA SUPER LIQUID, NANO DAP LIQUID, NANO NPK LIQUID, NANO K PULVERIZED, NANO COPPER LIQUID, and/or NANO ZINC LIQUID trademarks in United States commerce.

27. Defendant began selling its fertilizer and/or fertilizer related products under the NANO UREA SUPER LIQUID, NANO DAP LIQUID, NANO NPK LIQUID, NANO K PULVERIZED, NANO COPPER LIQUID, and/or NANO ZINC LIQUID trademarks in United States commerce after Aqua Yield's first use.

28. Defendant operates a website found at https://www.kaporganic.com/ where fertilizer and/or fertilizer related products are sold bearing the NANO UREA SUPER LIQUID, NANO DAP LIQUID, NANO NPK LIQUID, NANO K PULVERIZED, NANO COPPER LIQUID, and/or NANO ZINC LIQUID trademarks. A true and correct copy of various pages from the https://www.kaporganic.com/ website is attached as Exhibit B.

29. Instead of pursuing independent marketing and research, Defendant has chosen to copy and use Aqua Yield's NANO Formative Marks in violation of Aqua Yield's valuable intellectual property rights.

30. On information and belief, Defendant has adopted and is using the NANO UREA SUPER LIQUID, NANO DAP LIQUID, NANO NPK LIQUID, NANO K PULVERIZED, NANO COPPER LIQUID, and/or NANO ZINC LIQUID trademarks in connection with fertilizers, which is confusingly similar to Plaintiff's Family of Marks.

31. By this action, Aqua Yield seeks to stop Defendant's illegal conduct and obtain compensation and injunctive relief for the violations that have occurred thus far.

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement of Aqua Yield's Family of Marks under the Lanham Act, 15 U.S.C. §1114)**

32. Aqua Yield incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

33. Defendant, without authorization, incorporates the entirety of the common element "NANO" in Plaintiff's Family of Marks in the NANO UREA SUPER LIQUID, NANO DAP LIQUID, NANO NPK LIQUID, NANO K PULVERIZED, NANO COPPER LIQUID, and/or NANO ZINC LIQUID trademarks and is using those trademarks in commerce in connection with the sale, offer for sale, distribution, and advertisement of fertilizer goods, which compete with the goods and services sold by Aqua Yield under Aqua Yield's NANO Formative Marks.

34. Defendant has been placed on notice of Aqua Yield's rights in Aqua Yield's NANO Formative Marks and its Family of Marks.

35. Defendant's unauthorized use of Aqua Yield's NANO Formative Marks and the common element "NANO" is likely to cause confusion, mistake, or to deceive the public as to the source of the goods being offered by Defendant.

36. Upon information and belief, Defendant's use of the NANO UREA SUPER LIQUID, NANO DAP LIQUID, NANO NPK LIQUID, NANO K PULVERIZED, NANO COPPER LIQUID, and/or NANO ZINC LIQUID trademarks is willful and in deliberate disregard for Aqua Yield's rights in its Family of Marks and Aqua Yield's NANO Formative Marks.

37. Defendant's unauthorized use of confusingly similar marks constitutes infringement of Plaintiff's federally registered trademarks in violation of 15 U.S.C. § 1114.

38. By reason of the foregoing, Aqua Yield asserts a claim against Defendant for monetary damages and injunctive relief for trademark infringement pursuant to 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement under the Lanham Act, 15 U.S.C. §1114)

39. Aqua Yield incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

40. In addition to infringing Plaintiff's Family of Marks, Defendant is also infringing specific trademark registrations owned by Plaintiff.

41. Defendant's use of the NANO K PULVERIZED trademark in connection with fertilizer infringes Plaintiff's rights in U.S. Trademark Registration No. 5,897,881 for the NANOK trademark.

42. Defendant's use of the NANO NPK LIQUID trademark in connection with fertilizer infringes Plaintiff's rights in U.S. Trademark Registration No. 5,897,881 for the NANOK trademark.

43. Defendant's use of the NANO ZINC LIQUID trademark in connection with fertilizer infringes Plaintiff's rights in U.S. Trademark Registration No. 6,809,157 for the NANOZN trademark.

44. By reason of the foregoing, Aqua Yield asserts a claim against Defendant for monetary damages and injunctive relief for trademark infringement pursuant to 15 U.S.C. § 1114.

45. By reason of the foregoing, Aqua Yield asserts a claim against Defendant for monetary damages and injunctive relief for trademark infringement pursuant to 15 U.S.C. § 1114.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition under the Lanham Act, 15 U.S.C. §1125(a))

46. Aqua Yield incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

47. Aqua Yield is known for Aqua Yield's fertilizer and fertilizer related products and services.

48. Aqua Yield markets many of its products under Aqua Yield's NANO Formative Marks.

49. Aqua Yield's NANO Formative Marks have developed considerable goodwill among consumers.

50. Defendant is misrepresenting to the public that its various fertilizer products are affiliated with Aqua Yield by incorporating the entirety of Aqua Yield's common element "NANO" of the Family of Marks in its NANO UREA SUPER LIQUID, NANO DAP LIQUID, NANO NPK LIQUID, NANO K PULVERIZED, NANO COPPER LIQUID, and/or NANO ZINC LIQUID trademarks used in connection with its marketing and advertising as evidenced by the website in Exhibit B.

51. Defendant's actions create a likelihood of confusion among the public as to the affiliation of Defendant's products with Aqua Yield.

52. On information and belief, KAP Organic used the NANO UREA SUPER LIQUID, NANO DAP LIQUID, NANO NPK LIQUID, NANO K PULVERIZED, NANO COPPER LIQUID, and/or NANO ZINC LIQUID trademarks with the specific purpose of misleading the public into believing that its goods are affiliated, connected, or associated with Aqua Yield.

53. Defendant's use of the infringing marks constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

54. By reason of the forgoing, Aqua Yield asserts a claim against Defendant for monetary damages and injunctive relief for unfair competition and false designation of origin pursuant to 15 U.S.C. § 1125(a).

55. By reason of the foregoing, Aqua Yield asserts that the present case is exceptional and entitles Aqua Yield to treble damages and attorneys' fees.

### FOURTH CLAIM FOR RELIEF

**(Unfair Competition under the Utah Unfair Competition Act,**

**Utah Code Ann. § 13-5(a)-101,** *et seq.*)

56. Aqua Yield incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

57. Defendant's actions constitute infringement of Aqua Yield's trademark rights.

58. Defendant's actions constitute unfair competition under the laws of the State of Utah pursuant to Utah Code Ann. § 13-5(a)-103.

59. Defendant's actions constitute an intentional business act and practice that is unlawful, unfair, and fraudulent, and has led to a material diminution in value of Aqua Yield's intellectual property.

60. Defendant's conduct also constitutes infringement and unfair competition under the common law of the State of Utah.

61. Defendant's tortious actions have caused, and unless enjoined by this Court will cause in the future, irreparable damage, loss, and injury to Aqua Yield for which Aqua Yield has no adequate remedy at law.

62. Pursuant to Utah Code Ann. § 13-5(a)-103, Aqua Yield is entitled to actual damages, costs and attorney fees, and punitive damages.

63. By reason of the foregoing, Aqua Yield asserts a claim against KAP Organic for violation of the Utah Unfair Competition Act.

**PRAYER FOR RELIEF**

WHEREFORE, Aqua Yield respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A. Enjoin KAP Organic, and all other persons participating or acting in concert with KAP Organic, from making, using, or selling products, or hosting or distributing advertisements, that include the common NANO element in the Family of Marks evidenced by Aqua Yield's NANO Formative Marks;

B. Enjoin KAP Organic, and all other persons participating or acting in concert with them, from infringing Plaintiff's Family of Marks, or any other mark confusingly similar to Plaintiff's Family of Marks, directly or contributorily;

C. Order KAP Organic to prepare an accounting of all proceeds generated by the sales of infringing products and the development and use of the infringing advertisements;

D. Award Aqua Yield its damages and/or any profits of KAP Organic and its costs of the action pursuant to 15 U.S.C. § 1117(a);

E. Award Aqua Yield treble its damages and/or KAP Organic's profits pursuant to 15 U.S.C. § 1117(b);

F. Find that this is an exceptional case and award Aqua Yield' attorneys' fees pursuant to 15 U.S.C. § 1117(a);

G. Award Aqua Yield actual damages for violation of the Utah Unfair Competition Act, Utah Code Ann. § 13-5(a)-103;

H. Award Aqua Yield costs and attorneys' fees pursuant to the Utah Unfair Competition Act, Utah Code Ann. §13-5(a)-103;

I. Award Aqua Yield punitive damages pursuant to the Utah Unfair Competition Act, Utah Code Ann. §13-5(a)-103;

J. Award Aqua Yield pre-judgment and post-judgment interest until such awards are paid; and

K.    Award such other and further relief as is just and equitable.

Aqua Yield demands a trial by jury on all matters so triable.

DATED this 6th day of May 2025.

TECHLAW VENTURES, PLLC

/s/Terrence J. Edwards

_____

Terrence J. Edwards
Bretton L. Crockett
Attorneys for Plaintiffs
**AQUA YIELD OPERATIONS, INC. and**
**AQUA-YIELD OPERATIONS, LLC**

3290 West Mayflower Ave
Lehi, Utah 84043
Telephone: (801) 854-7675
Facsimile: (801) 852-8203